

FILED
OCT 0 4 2013
PER _____
HARRISBURG, PA DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

William Scott Sandusky,  :
    Plaintiff  :
  versus  :    Civil Action-No.
    :    1:13-cv-2507
County of Adams, Pennsylvania;  :
County of Adams' Commissioners,  :
Randy Phiel, Jim Martin, Marty  :
Karsteter Qually; and County of  :
Adams Public Defender, Kristin Rice,  :
    Defendants  :
        Jury Trial Demanded

## COMPLAINT FOR AGE DISCRIMINATION

Plaintiff, William Scott Sandusky in support of his Complaint alleges:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages, and other appropriate relief, pursuant to the Age Discrimination in Employment Act of 1967, and

any amendments thereto, 29 U.S.C. Sections 621 et seq.; and the Pennsylvania Human Relations Act, 43 P.S. Sections 951 et seq.

2. This Court has jurisdiction under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 et seq. (federal question).

3. This Court has personal jurisdiction over the Defendants and venue is proper in the Middle District under 28 U.S.C. Section 1391 in that the Defendants reside and conduct governmental business in this District and the acts of age discrimination complained of herein occurred in this District.

**PARTIES**

4. Plaintiff, William Scott Sandusky, Esq. ("Plaintiff") is an adult individual residing at 2495 Hepplewhite Drive, York, York County Pennsylvania 17404.

5. Defendant, County of Adams, Pennsylvania ("Defendant"), is a governmental unit duly organized and governed under Pennsylvania law with

governmental offices located at the Adams County Courthouse, 117 Baltimore Street, Gettysburg, Adams County, Pennsylvania 17325.

6. Defendants, Randy Phiel, Jim Martin, Marty Karsteter Qually ("Defendant-Commissioners"), are the duly publicly elected Adams County Commissioners, pursuant to Pennsylvania law, and all three of which initially assumed public office in January of 2012, with governmental offices located at 117 Baltimore Street, Room 201, Gettysburg, Adams County, Pennsylvania 17325.

7. Defendant, Kristin Rice ("Defendant-Rice"), was hired as a county employee in June of 2011 as the County of Adams Public Defender with governmental offices located at 117 Baltimore Street, Room 8, Gettysburg, Adams County, Pennsylvania 17325.

8. Plaintiff was hired by the Adams County Commissioners who were in office in 2011 (and not by Defendant-Commissioners), and Plaintiff was employed by Defendant, County of Adams, as a County of Adams Assistant Public Defender from June 28, 2011 through January 17, 2012.

9. Plaintiff is, and has been, a properly and duly authorized attorney-at-law licensed to practice in the Commonwealth of Pennsylvania since November of 1981 through the present (over 30 years of legal experience); and at all times during Plaintiff's legal career, he has been in "good standing" with the Pennsylvania Supreme Court, with zero disciplinary actions.

10. Plaintiff is representing himself pro se.

**COUNT ONE – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AND AMENDMENTS THERETO ("ADEA")**

11. The above paragraphs are incorporated by reference hereinafter.

12. Defendant employs the required number of employees to be subject to the provisions of the ADEA and PHRA.

13. Plaintiff was terminated from his employment with Defendant on January 17, 2012

14. Plaintiff timely filed a complaint in person at the Harrisburg office of the Pennsylvania Human Relations Commission ("PHRC") on January 18, 2012; and therefore, this complaint has been considered a timely dual-filing with the Equal Employment Opportunity Commission ("EEOC") pursuant to applicable federal and state law.

15. Plaintiff received a right-to-sue letter from the EEOC with a mailing date of July 9, 2013; and Plaintiff also received a similar letter from the PHRC in January of 2013.

16. Plaintiff and Defendant-Rice applied for the open position of Adams County Public Defender in and around June of 2011; and Plaintiff was interviewed in depth by the three Adams County Commissioners who were in office in 2011, none of which remained in office beginning in January of 2012.

17. Defendant-Rice was hired by said Commissioners and shortly thereafter assumed the duties of Public Defender, leaving her previous position as an Adams County Assistant Public Defender.

18. Plaintiff was subsequently contacted to determine if Plaintiff had an interest of being hired as an Assistant Public Defender, which would fill Defendant-Rice's former position; and Plaintiff accepted the Assistant Public Defender's position and began employment on June 28, 2011.

19. At the time that Plaintiff began his employment, a recent law school graduate, Sean Mott, Esq. ("Mott"), had been working as an intern for the Adams County Public Defender's office since April of 2011; and Mott continued his employment with Defendant after Plaintiff's termination date.

20. Plaintiff believes, and therefore avers, that Mott was not employed full-time as a practicing attorney before Plaintiff began his internship with Defendant.

21. Mott was 26 years old in January of 2012.

22. Plaintiff was born in 1956.

23. Plaintiff avers that Defendant-Rice, in her capacity as the department head of the Public Defender's Office, wanted to hire Mott, and not Plaintiff, as her replacement.

24. At the time of Plaintiff's hiring and continuing until Plaintiff's termination date, Defendant-Rice represented a defendant who was charged with the first degree murder of a Pennsylvania Wildlife Conservation Officer, who was shot to death by the defendant while the Officer was attempting to arrest the defendant for a game law violation; and as a result, the Adams County District Attorney sought the death penalty.

25. Plaintiff avers that the Adams County Commissioners, who were in office in 2011 and had personally met with Plaintiff, persuaded Defendant-Rice to agree with Plaintiff's hiring due to Plaintiff's past jury trial experience, assistant district attorney experience, and his ability to qualify as a capital case attorney pursuant to Pa.R.Crim.P. No. 801 ("Rule 801").

26. At the request and expense of Defendant after Plaintiff's hiring, Plaintiff completed the required online education courses and received a court Order certifying Plaintiff as a qualified Rule 801 capital-case attorney.

27. Plaintiff's written job description as an Assistant Public Defender did not mention or require being Rule 801 qualified nor to defend a capital case; and during the relevant times to this action, the other Adams County Assistant Public Defenders ("Assistant(s)") were neither Rule 801 certified nor required to act as a trial attorney in a capital case.

28. During the week following October 18, 2011, it was Plaintiff's suggestion, which was agreed to by Defendant-Rice and the other Assistant (it was a three attorney office), that the attorneys would continue representing their existing clients; but any new clients to the office would be split between the two Assistants, thus freeing Defendant-Rice to focus exclusively on her capital case, while her existing caseload would rapidly decline as the cases were concluded.

29. Plaintiff and the other Assistant had no difficulties whatsoever with competently representing the increased number of clients during the usual business hours, allowing Defendant-Rice to devote her efforts concerning the capital case.

30. There was neither a need nor justification to hire a third Assistant Public Defender.

31. From Plaintiff's first day on June 28, 2011 until December 29, 2011, Defendant-Rice did not give an assignment to Plaintiff concerning the capital case, other than to file and argue a motion to obtain a medical report from a physician, which Plaintiff timely completed; and furthermore, Plaintiff did not speak to, interview, or meet with the capital case defendant, other than to very briefly greet him in the courtroom on two occasions.

32. Despite Plaintiff's lack of participation concerning the capital case and his lack of knowledge concerning the details of Defendant-Rice's case preparation and investigation, on December 29, 2011, Defendant-Rice informed Plaintiff for the first time that he would try the penalty phase of the capital case.

33. During the December 29 conversation, Plaintiff explained to Defendant-Rice that he was not legally competent, and not experienced at all, to try a capital case penalty phase, and could not adequately become

competent within the short three month period before the trial was then scheduled to commence.

34. At no time did Plaintiff refuse to represent the capital case defendant concerning the guilt/innocence phase of the case and trial, and Plaintiff would have assisted with the penalty phase preparation, other than actually trying the penalty phase.

35. Plaintiff had an ethical obligation not to try the penalty phase pursuant to Pa. Rule of Professional Conduct No. 1.1.

36. With the departure of all three Adams County Commissioners who served in 2011 and with three newly elected Commissioners starting in January of 2012, on or before January 12, 2012 at the Commissioners' meeting, Mott was approved as a full-time Assistant Public Defender for one year.

37. In the afternoon on Friday January 13, 2012, at the Human Resources office, with the Adams County Human Resources Director ("HR Director") present, Plaintiff met with Defendant-Rice for a six-month

employment evaluation. This meeting was previously scheduled for the Public Defender's office without the presence of the HR Director, but Defendant-Rice rescheduled the evaluation for January 13th, which was after the aforementioned December 29th conversation and the hiring of Mott.

38. Although Plaintiff did not use profanity, did not make any threats, was not violent, did not display wanton conduct, did not shout, did not make any inappropriate sexual or other comments, and was invited to ask questions and make comments, Plaintiff was terminated from employment on January 17, 2012 (the county offices were closed on January 16th) allegedly due to Plaintiff's statements made at the January 13th evaluation.

39. At the very next Adams County Commissioner's meeting after Plaintiff's termination, Mott was hired as a permanent full-time Assistant Public Defender without the one-year contract limitation.

40. The reason(s) given by the Defendants for Plaintiff's termination was a pretext to disguise the true nature of Plaintiff's termination, namely to have Mott replace Plaintiff as a permanent full-time Assistant Public Defender.

41. Defendant-Rice's intentional timing (too close to the trial date for Plaintiff to become competent in this area of law and after the departure of the County Commissioners who knew and hired Plaintiff) of her demand that Plaintiff try the penalty phase, which she knew Plaintiff could not competently perform, provided Defendant-Rice, and perhaps others employed by Defendant, the contrived rationale to convince those in authority that Defendant-Rice should be granted her request for the full-time hiring of Mott.

42. Defendant-Rice, and possibly other individuals employed by Defendant, intended from the initial hiring of Plaintiff to eventually create a pretext for termination, in order to create plausible deniability against an age discrimination case, so that the younger attorney, Mott, would take Plaintiff's job after Plaintiff's knowledge and experience was exploited for Defendants' advantage and to fulfill the expectations of Defendant-Rice by hiring Mott.

43. Defendant and/or Defendant-Rice have intentionally or recklessly discriminated against Plaintiff based on his age with the knowledge, or should have known, that it was unlikely that Plaintiff could financially recover from his termination due to his age, due to the limited employment opportunities for attorneys and other job seekers since the national financial recession; and that

the negative effect of his termination would prejudice his work history, would cause mental and physical distress upon Plaintiff's well-being; and that the termination did not serve a legitimate business interest.

44. Despite numerous applications, Plaintiff has not been able to obtain employment and has remained unemployed since his termination.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award under the ADEA for all appropriate damages, including but limited to, lost wages, benefits, other forms of lost compensation, employment remedial action, penalty, liquidated damages, compensatory damages, costs of prosecution, interest, attorney's fees, and other relief that the Court deems justified.

### COUNT TWO – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT AND AMENDMENTS THERETO ("PHRA")

45. The above paragraphs are incorporated by reference hereinafter.

46. Based on the averments and reasoning stated in the foregoing paragraphs, Defendants have discriminated against Plaintiff based on his age

in violation of the Pennsylvania Human Relations Act, 43 P.S. Sections 951 et seq.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court enter an award under the PHRA for all appropriate damages, including but limited to, lost wages, benefits, other forms of lost compensation, employment remedial action, penalty, punitive damages, compensatory damages, costs of prosecution, interest, attorney's fees and other relief that the Court deems justified.

BY: _____
W. Scott Sandusky, Esq., pro se
2495 Hepplewhite Drive
York, PA  17404
PA 34831
Telephone  (717) 767-6722
E-mail: wss2495@aol.com